IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JERRY SMITH,

        Plaintiff,

    v.                                              Civ. No. 24-776 SCY/LF

SUPPORTIVE HOUSING COALITION, a New
Mexico Corporation, CITY OF ALBUQUERQUE,
and LAURA CHAVEZ, individually and in her
capacity as an employee of Supportive Housing
Coalition of New Mexico,

        Defendants.

## ORDER TO AMEND COMPLAINT

Plaintiff filed his complaint in state court on July 2, 2024. Doc. 1-4. Defendants Supportive Housing Coalition and Laura Chavez removed the case to federal court on August 2, 2024, citing federal question jurisdiction. Doc. 1 ¶¶ 7-10. The body of the complaint states:

> The claim arises from a series of events where Jerry Smith and family, members of a protected class under the family fair housing act, faced discrimination and unsafe living conditions. Defendant failure to move Jerry Smith and family to safe living conditions caused, emotional distress, health risks and economic harm to Plaintiff. Breach the implied warrant of habitability and violating the the New Mexico Owner Resident Relations Act (ORRA).

Doc. 1-4 at 1 [sic, generally].

The federal Fair Housing Act, among other things, prohibits "discriminat[ion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). "To state a plausible claim under the FHA, a plaintiff must allege a causal connection between her [membership in a protected class] or protected activity and the alleged adverse action." *Morgan v. Carrington Mortg. Servs.*, 719 F. App'x 735, 743 (10th Cir. 2017). To survive dismissal, "a complaint must contain enough allegations of fact,

taken as true, to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). "A claim is facially plausible when the allegations give rise to a reasonable inference that the defendant is liable." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

The complaint fails to state a claim under the federal Fair Housing Act because it does not include any facts supporting the allegation that Plaintiff is a member of a protected class, let alone facts establishing a plausible causal connection between Plaintiff's protected status and any discriminatory conduct on the part of Defendants. Plaintiff has recently filed an Emergency Motion for a Preliminary Injunction, in which he elaborates that his claim is based on the presence of toxic mold in his dwelling. Doc. 9. Such allegations fail to state a claim under the Fair Housing Act unless there is a causal connection between the living conditions and Plaintiff's status as a member of a protected class. And in the absence of a viable federal claim, the Court lacks jurisdiction over Plaintiff's state-law claims.

Although the complaint fails to state a claim under the federal Fair Housing Act, the Court will provide Plaintiff an opportunity to amend the complaint to allege supporting facts. Therefore, within 14 days of the date of this Order, Plaintiff shall file an amended complaint which cures the defects cited above. Failure to do so will result in dismissal of the Fair Housing Act claim and remand of this case to state court for adjudication of the state-law claims.[1]

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes Plaintiff has expressed a preference for litigating in state court by filing a motion to remand to state court. Doc. 8. If Plaintiff concurs in the dismissal of his federal claim and a remand to state court, he may file a short notice so stating.