IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JERRY SMITH,

      Plaintiff,

v.                                                                                Civ. No. 24-776 SCY/LF

SUPPORTIVE HOUSING COALITION, a New
Mexico Corporation, CITY OF ALBUQUERQUE,
and LAURA CHAVEZ, individually and in her
capacity as an employee of Supportive Housing
Coalition of New Mexico,

      Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING FEDERAL CLAIM AND REMANDING TO STATE COURT

Plaintiff filed his complaint in state court on July 2, 2024. Doc. 1-4. Defendants Supportive Housing Coalition and Laura Chavez removed the case to federal court on August 2, 2024, citing federal question jurisdiction. Doc. 1 ¶¶ 7-10. Because the complaint was only a few sentences, Defendants filed a Motion for More Definite Statement that requested the Court order Plaintiff to elaborate on his claims. Doc. 4. Meanwhile, Plaintiff filed a motion to remand to state court, arguing that Defendants violated various procedural rules regarding removal, Doc. 8, and a motion for preliminary injunction, arguing that the Court should order Defendants to relocate his family to a unit without the presence of toxic mold, Doc. 9.

Invoking its duty to examine subject matter jurisdiction sua sponte, the Court ordered Plaintiff to amend the complaint to state a factual basis for the only federal claim in the complaint—a claim arising under the Fair Housing Act ("FHA"). Doc. 15 (Order to Amend). In response, Plaintiff filed an amended complaint alleging that he is in the protected classes of familial status and disability. Doc. 18 ¶ 1. It alleges that Plaintiff and his family suffer from adverse living conditions, "including cracked ceilings, water damage, and electrical hazards." *Id.*

¶ 11. "Plaintiff notified Defendants of the code violations and requested reasonable accommodations to be moved to a safer unit." *Id.* ¶ 18. "Defendants did not grant reasonable accommodations and instead retaliated by accusing Plaintiff of violating various behavior policies." *Id.* ¶ 19. "On December 7, 2023, Defendants terminated Plaintiff's rental assistance, citing noncompliance with the Supportive Housing Coalition's program agreement." *Id.* ¶ 20. The amended complaint brings claims for breach of the implied warranty of habitability, the New Mexico Owner-Resident Relations Act, and retaliation and failure to accommodate under the FHA. *Id.*[1]

Defendants filed a motion to dismiss the amended complaint, arguing that Plaintiff still does not state a factual basis for the FHA claim, for the same reasons the Court laid out in the Order to Amend. Doc. 20. Defendants contend that the amended complaint does not include any facts establishing a plausible causal connection between any protected status and any conduct on the part of Defendants.

The Fair Housing Act, among other things, prohibits "discriminat[ion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of . . . familial status"[2] or a "handicap."[3] 42 U.S.C. § 3604(b), (f). "Discrimination" includes "a refusal to make reasonable

---

[1] This amended complaint moots Defendants' motion for a more definite statement, Doc. 4, which was directed to the original complaint. *See Mostafa v. Barr*, No. 20cv694, 2021 WL 330167, at *3 (D. Colo. Jan. 30, 2021). The Court therefore denies it as moot.

[2] Defined as "one or more individuals (who have not attained the age of 18 years) being domiciled with . . . . a parent or another person having legal custody of such individual." 42 U.S.C. § 3602(k).

[3] Defined as "a physical or mental impairment which substantially limits one or more of such person's major life activities, . . . a record of having such an impairment, or . . . . being regarded as having such an impairment." 42 U.S.C. § 3602(h).

accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *Id.* § 3604(f)(3)(B). "To state a plausible claim under the FHA, a plaintiff must allege a causal connection between her [membership in a protected class] or protected activity and the alleged adverse action." *Morgan v. Carrington Mortg. Servs.*, 719 F. App'x 735, 743 (10th Cir. 2017). A complaint must also present the underlying facts that establish such a link. *See Reyes v. McDonald's Corp. of Illinois*, No. 24-1211, 2024 WL 4040385, at *2 (10th Cir. Sept. 4, 2024) (affirming dismissal of disability discrimination claim for failure to support the allegations with "underlying facts").[4]

"In the words of the FHA, a reasonable accommodation is required whenever it 'may be *necessary* to afford a disabled person equal opportunity to use and enjoy a dwelling.'" *Cinnamon Hills Youth Crisis Ctr., Inc. v. Saint George City*, 685 F.3d 917, 923 (10th Cir. 2012) (quoting 42 U.S.C. § 3604(f)(3)(B)) (emphasis in Tenth Circuit opinion).

> [T]he FHA's necessity requirement doesn't appear in a statutory vacuum, but is expressly linked to the goal of "afford[ing] . . . equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). And this makes clear that the object of the statute's necessity requirement is a level playing field in housing for the disabled. Put simply, the statute requires accommodations that are necessary (or indispensable or essential) to achieving the objective of equal housing opportunities between those with disabilities and those without. . . . [I]t does not require *more* or *better* opportunities.

*Id.*

In sum, the FHA does not regulate living conditions generally, but only discrimination in the terms or provision of housing. And, to state a claim, Plaintiff must present underlying facts that link the adverse or unsafe living conditions to his familial status or his disability. Other

---

[4] The Court cites unpublished Tenth Circuit cases for their persuasive value. *See* 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").

3

district courts have likewise found that merely alleging adverse housing conditions and the presence of a disability, without a causal link, is insufficient to state a claim. *See Scoggins v. Turning Point of Cent. California, Inc.*, No. 22cv1542, 2023 WL 2354820, at *3 (E.D. Cal. Mar. 3, 2023) ("Plaintiff makes no link between her allegations of uninhabitable conditions and discriminatory treatment in her FHA claim. Nor does Plaintiff allege that she sought any specific reasonable accommodation for her disability and was refused on account of her disability. Moreover, Plaintiff does not allege that she was denied equal treatment related to the terms, conditions, or privileges of her rental relationship with Defendant because of her disability."); *Sudduth v. Vasquez*, No. 08cv1106, 2009 WL 211572, at *2 (E.D. Va. Jan. 26, 2009) ("Plaintiff alleges that the defendants violated the Fair Housing Act by subjecting him to unsafe and unhealthy living conditions, refusing to move him to the apartment complex of his choice, and ignoring his numerous written complaints about the condition of his apartment, on account of his race, religion, or disability. . . . Although plaintiff has alleged that he is African-American, Muslim, and disabled, he has not alleged facts to support his claim that the actions of the [] Defendants were motivated by a discriminatory purpose or had a disparate impact. Plaintiff's conclusory allegations of discriminatory conduct, without any factual support, cannot withstand a motion to dismiss . . . ."); *Gibson v. Cmty. Dev. Partners*, No. 22cv454, 2022 WL 10481324, at *5 (D. Or. Oct. 18, 2022) (dismissing a FHA disability discrimination claim where the plaintiff did not allege "uninhabitable living conditions unique to Plaintiff based on her protected status"); *id.* at *6 ("Plaintiff makes no connection between her alleged impairment and any accommodation that may be necessary for her to inhabit Defendants' housing unit. It is unclear what specific accommodation she sought, how such accommodation may have been necessary to

4

address her disability or 'handicap,' and how it would make her housing situation equal to the opportunities afforded non-disabled persons.").

With respect to both familial status and disability, Plaintiff's amended complaint suffers from all of these deficiencies. As for the former, the amended complaint lacks any detail as to his familial status. In response to the motion to dismiss, Plaintiff provides some additional information. He argues that "Plaintiff Jerry Smith and his family, including his minor children, were residing at the property managed by Defendants. This is sufficient to allege Plaintiffs status based on familial status under the FHA." Doc. 22 at 3 (citation omitted). But even if this information were in the complaint, it is not sufficient. Plaintiff must also allege facts that plausibly support a causal connection between his familial status and the unsafe living conditions or termination of rental assistance. There are no facts in any of Plaintiff's filings that would support a claim that Defendants took action or failed to take any action *because* he has minor children living with him.

In his response to the motion to dismiss, Plaintiff also elaborates on his disability: he asserts that he has "a diagnosed mental health condition that affects his daily living activities." Doc. 22 at 3. Again, Plaintiff does not link his mental health condition to his claims. He does not say what accommodations he requested or, more importantly, why the accommodations were linked to his mental health condition.[5]

Plaintiff also submitted an audio exhibit which he asserts "captures admissions by Defendant Laura Chavez, an employee of the Supportive Housing Coalition of New Mexico,

---

[5] Plaintiff has provided a doctor's note that does not discuss his mental health conditions, but rather supports the characterization of his claim as relating to physical living conditions that would affect anyone regardless of disability status. Doc. 9 at 11 ("It is concerning that he and his children are living in an environment that causes him to have exposure to black mold and other toxic environmental hazards.").

regarding several of the conditions and discriminatory practices alleged by Plaintiff." Doc. 22 at 1. The amended complaint, however, does not link these admissions to any protected statuses, but only states that it discusses living conditions generally:

> Defendant Laura Chavez admits to several of the allegations made by Plaintiff, including the lack of a Housing Quality Inspection and the unsafe living conditions of the unit. This recording corroborates Plaintiff's assertions that Defendants were aware of the hazardous conditions but failed to take timely corrective action. The audio also captures discussions by Defendant Chavez regarding the decision not to move Plaintiff and his family to safer accommodations, contrary to their earlier promises. This recording is crucial in establishing that Defendants were not only aware of the conditions but also intentionally disregarded their obligations under both federal and state laws.

*Id.* at 2.

This recording is 2 hours, 41 minutes long and Plaintiff provides no pin cites to any relevant admissions or other statements. Plaintiff did not incorporate any specific statements by reference in the amended complaint. The Court does not have a duty to hunt through this recording for support for Plaintiff's allegations. *Am. Muckrakers PAC, Inc. v. Boebert*, No. 23cv1463, 2024 WL 3738932, at *3 n.4 (D. Colo. June 9, 2024) (collecting cases).[6]

Plaintiff also asserts that he can rely on temporal proximity between his protected activity and Defendants' termination of rental assistance. Doc. 22 at 4. He identifies his "protected activity" as making a request for accommodation and reporting "violations" related to unsafe living conditions. Doc. 22 at 3-4. But this only reinforces the conclusion that Plaintiff's claim is that he lives in conditions that anyone would find unsafe and distressing, and that he told

---

[6] Nonetheless, the Court did review it. Although it contains assertions that Plaintiff has a disability related to a heart condition (Compl. Exhibit 1, Recording at timestamp 23:34) and that minor children live at Plaintiff's residence (*e.g.*, *id.* at 24:12, 30:13, 45:15), it contains no allegations (much less admissions) connecting these protected statuses to any of Defendants' actions nor does it contain any request for reasonable accommodation of that heart condition. The recording is on file with the Court and Defendants may request a copy from the Clerk of Court.

Defendants so. His "request for accommodation" was to move to a different living situation. This may state a claim under landlord-tenant laws against his landlord, but it does not state a claim that he made an FHA-protected request to accommodate a disability, or that Defendants failed to provide him with safe living conditions or terminated his rental assistance *because* of the presence of children in his unit or his mental health condition. As Defendants put it: "The real crux of Plaintiff's issue with his apartment is a health and safety concern, which would be present whether Plaintiff has a disability or not, and which should be directed at his actual landlord." Doc. 23 at 7. The Court finds dismissal of the FHA claim is appropriate.

Citing *Encinias v. N.M. Corrections Department*, 659 F. Supp. 3d 1227, 1245 n.10 (D.N.M. 2023), Defendants argue that "dismissal with prejudice is appropriate when a plaintiff has been given multiple opportunities to state his or her claims and failed to do so." Doc. 20 at 4. The Court agrees that Plaintiff has had numerous opportunities to persuade the Court he can state a plausible federal claim—in the initial complaint, in the amended complaint, in his motion for preliminary injunction, and in his response to the motion to dismiss the amended complaint. Most of these opportunities have come after the Court informed Plaintiff of the plausibility pleading standard and the causation element of an FHA claim. Rather than stating such a claim, Plaintiff's filings have only confirmed that he is alleging unsafe living conditions generally rather than a failure to accommodate a disability. The Court finds another chance to amend would be futile. *Cf. Encinias*, 659 F. Supp. 3d at 1245 n.10; *see also Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) ("a dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile" (internal quotation marks and alterations omitted)). The Court therefore dismisses the FHA claim with prejudice.

The Court has supplemental jurisdiction over Plaintiff's landlord-tenant/warranty of habitability claims (arising under state law) pursuant to 28 U.S.C. § 1367. Nonetheless, the Court may decline supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Tenth Circuit has indicated that "[w]hen all federal claims have been dismissed, the court may, *and usually should*, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (emphasis added). This case is at its preliminary stages and state courts are better suited to adjudicate these state-law claims, including Plaintiff's request for a preliminary injunction based on his housing conditions. The Court therefore remands this case to state court, which renders Plaintiff's procedural arguments in his motion to remand moot.

THEREFORE, IT IS ORDERED THAT:

1. Defendants' Motion for a More Definite Statement, Doc. 4, is DENIED AS MOOT;

2. Defendants' Motion to Dismiss, Doc. 20, is GRANTED as to federal claims and DENIED as to state claims;

3. Plaintiff's Fair Housing Act claim is DISMISSED WITH PREJUDICE;

4. Plaintiff's Motion to Remand, Doc. 8, is DENIED AS MOOT;

5. The Court DEFERS ruling on Plaintiff's Motion for a Preliminary Injunction, Doc. 9, to the state court; and

6. Plaintiff's state claims are REMANDED to the Second Judicial District Court.

SO ORDERED.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE